IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| JAMES W. KEPHART, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID M. JORDAN, an individual, ROBIN M. JORDAN, an individual, ROBIN'S ROOST INC., a Corporation, BARB JENNIKER, an individual, CORY KELLEGHER, and individual, FRANK FORREST, an individual, KEVIN KENNY, an individual, TINA A. MORIN, an individual, d/b/a MORIN LAW FIRM, PLLC, a professional limited liability company,<br><br>Defendants. | CV-06-63-BU-CSO<br><br>**ORDER** |

On September 13, 2006, Defendant David M. Jordan ("Jordan") filed a Notice of Appearance (*Court's Doc. No. 11*) on behalf of Defendant Robin's Roost Inc. ("Robin's Roost"). As President of Robin's Roost, Jordan indicates that he will be appearing *pro se* on its behalf.

As an incorporated entity, Robin's Roost cannot proceed *pro se*. See D-Beam Ltd. Partnership v. Roller Derby Skates, Inc., 366 F.3d 972, 974 (9th Cir. 2004) (holding that "It is a

longstanding rule that corporations and other unincorporated associations must appear in court through an attorney") (citations and internal quotation marks omitted); United States v. High Country Broad. Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam), *cert. denied*, 513 U.S. 826 (1994) (holding that a corporation's president and sole shareholder could not intervene *pro se* rather than retain counsel to represent the corporation); State ex rel. Freebourn v. Merchants' Credit Serv., 104 Mont. 76, 66 P.2d 337, 342 (1937)(overruled in part on other grounds by, Rae v. Cameron, 112 Mont. 159, 114 P.2d 1060 (Mont. 1941)) (holding that "It is everywhere held that a corporation can never be authorized to practice law itself...."). It has been held that, where a corporate defendant fails to secure counsel, the Court may hear a motion to dismiss that party's claims and to enter the corporation's default. See *e.g.*, High Country, 3 F.3d at 1245 (finding that the district court's entry of default judgment against the corporation "was perfectly appropriate"); Sermor, Inc. v. United States, 13 Cl.Ct. 1, 6 (1987); Van Gundy v. Camelot Resorts, Inc., 152 Cal. App. 3d Supp. 29, *32, 199 Cal. Rptr. 771, **772 (Cal. Super. 1983).

Accordingly, IT IS HEREBY ORDERED that Defendant Robin's Roost Inc.'s Notice of Appearance (*Court's Doc. No. 11*), treated as a Motion to Appear, is **DENIED**. On or before **Friday, October 6, 2006**, Defendant Robin Roost Inc. shall file a notice with the

Court identifying its counsel of record or, in the alternative, indicating what efforts have been made to secure counsel.

DONE and DATED this 18th day of September, 2006.

/S/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge