IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| JAMES W. KEPHART, an individual, | CV-06-63-BU-CSO |
| Plaintiff, | |
| vs. | |
| DAVID M. JORDAN, an individual, ROBIN M. JORDAN, an individual, ROBIN'S ROOST INC., a Corporation, BARB JENNIKER, an individual, CORY KELLEGHER, and individual, FRANK FORREST, an individual, KEVIN KENNY, an individual, TINA A. MORIN, an individual, d/b/a MORIN LAW FIRM, PLLC, a professional limited liability company, | **ORDER** |
| Defendants. | |

Now pending before the Court are the following motions:

(1)   Defendant Barb Jeniker's ("Jeniker") Motion to Dismiss (*Court's Doc. No. 9*) filed on September 13, 2006;

(2)   Plaintiff James W. Kephart's ("Kephart") Motion to Strike (*Court's Doc. No. 20*) filed on September 18, 2006;

(3)   Defendant Tina A. Morin's ("Morin") Motion to Dismiss (*Court's Doc. No. 23*) filed on September 18, 2006;

(4)   Jeniker's Motion for Extension of Time to File Supporting Brief (*Court's Doc. No. 24*) filed on September 18, 2006;

-1-

(5)  Morin's Motion for Extension of Time to File Supporting
     Brief (*Court's Doc. No. 27*) filed on September 21,
     2006;

(6)  Defendant David M. Jordan's Motion to Dismiss (*Court's
     Doc. No. 28*) filed on September 21, 2006;

(7)  David Jordan's Motion for Extension of Time to File
     Supporting Brief (*Court's Doc. No. 29*) filed on
     September 21, 2006;

(8)  Defendant Robin M. Jordan's Motion to Dismiss (*Court's
     Doc. No. 30*) filed on September 21, 2006;

(9)  Robin Jordan's Motion for Extension of Time to File
     Supporting Brief (*Court's Doc. No. 31*) filed on
     September 21, 2006; and

(10) Kephart's Combined Motion (*Court's Doc. No. 33*) filed
     on September 27, 2006.

Having reviewed the pending motions, the Court is prepared
to rule.

I.   **KEPHART'S MOTION TO STRIKE**

On September 13, 2006, David Jordan filed a Notice of
Appearance (*Court's Doc. No. 11*) on behalf of Defendant Robin's
Roost Inc. ("Robin's Roost"). As President of Robin's Roost, he
indicated that he would be appearing *pro se* on its behalf. On
September 18, 2006, Kephart filed a Motion to Strike (*Court's
Doc. No. 20*) Robin's Roost's Notice of Appearance pursuant to
Rule 12(f) of the Federal Rules of Civil Procedure because the
notice violates Local Rule ("L.R.") 83.15(B).

On September 18, 2006, the Court filed an Order (*Court's
Doc. No. 16*) denying Robin's Roost's motion to appear and ordered

-2-

that on or before Friday, October 6, 2006, Robin's Roost file notice with the Court identifying its counsel of record or, in the alternative, indicating what efforts have been made to secure counsel.  The Court assumes that Kephart was not aware of the Court's September 18th Order when he filed his motion to strike. Accordingly, the Court will deny his motion as moot.

## II. DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS FOR EXTENSION OF TIME TO FILE SUPPORTING BRIEFS

Defendants Jeniker[1], Morin, David Jordan, and Robin Jordan have filed motions to dismiss Kephart's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See *Court's Doc. Nos. 9, 23, 28, & 30.*  None of the Defendants filed a brief with their motion, but indicated in their motions that pursuant to L.R. 7.1(c) a supporting brief would be filed within five days.  Before their five days had expired, each Defendant filed a Motion for Extension of Time to File Supporting Briefs.[2] See *Court's Doc. Nos. 24, 27, 29, & 31.*

Jeniker indicates in her motion for extension of time (*Court's Doc. No. 24*) that the "basis for this motion is that I am in the process of hiring an attorney to represent me in this

---

[1]This name is variously spelled in the pleadings.  The Court here uses the spelling used by Ms. Jeniker in her filings.

[2] In his response, Kephart argues that Jeniker filed her motion after the five days had expired.  Kephart is advised to review the Federal Rules of Civil Procedure, specifically Rule 6(a), explaining how to compute "any period of time prescribed or allowed by these rules, by the local rules of any district court . . ."

case, and I would like time for my attorney to review the case and assist with my supporting brief." She asks the Court for an additional thirty days to file her supporting brief.

Morin also indicates in her motion for extension of time (*Court's Doc. No. 27*) that she is in the process of hiring an attorney to represent her and would like until October 31, 2006, to file her supporting brief. The Court notes, however, that on September 25, 2006, Morin filed her supporting brief (*Court's Doc. No. 32*). Accordingly, her motion for extension of time will be denied as moot.

Finally, David Jordan and Robin Jordan indicate in their motions (*Court's Doc. Nos. 29 & 31*) that they are in the process of hiring attorneys and request an extension of time until October 30, 2006, to file their supporting briefs.

Although titled as a Combined Motion (*Court's Doc. No. 33*), Kephart's September 27th motion, also contains his response to Defendants' motions for extension of time. In his motion, Kephart alleges that Jeniker and the Jordans are "highly affluent and sophisticated" individuals with ready access to legal counsel. See *Kephart's Combined Mot.* at 4-5. He contends that these Defendants have had ample time and written advance warnings of this litigation. Accordingly, he asks the Court to set an October 6th deadline for Jeniker and the Jordans. Id. at 9.

L.R. 6.2(a) and 7.1(j) require that within the text of a

-4-

motion the parties must note that opposing counsel was contacted concerning their request for an extension of time.  Jeniker indicates that she contacted Kephart regarding her motion and he stated an objection to the motion.  The Jordans, however, indicate that:

> Plaintiff has been contacted regarding this motion by other co-defendants in this matter and has objected to this request for extension and so he has not been contacted I (*sic*) this matter. Additionally, this relationship between the parties is not civil and therefore he has not been contacted regarding this extension.

Although the relationship between the parties is not civil, this is not an excuse for not complying with the local rules. Adherence to this local rule allows the Court, and often the parties, to handle matters more expeditiously.

The Court also notes that L.R. 6.2(b) requires that "[a]ll requests for extension of time . . . shall be accompanied by a proposed order, separate from the motion."  All parties are advised that the Court expects the parties, including *pro se* parties, to comply with the local rules.  <u>See</u> *L.R. 83.15(a)* (providing that "a self-represented person is bound by the Federal Rules, as well as all applicable local rules.  Sanctions, including but not limited to entry of default judgment or dismissal with prejudice, may be imposed for failure to comply with local rules").

The practice of filing motions to dismiss without a brief in

support in order to gain additional time is discouraged, and may
be viewed by the Court as a violation of Rule 11 of the Federal
Rules of Civil Procedure.  <u>See</u> *L.R. 7.1(i)*.  Because the Court is
uncertain of the grounds for the motions to dismiss or whether
they were filed solely for purposes of delay, the Court will
grant their requests.

## III. <u>KEPHART'S COMBINED MOTION</u>

In addition to responding to the Defendants' motions for
extension of time, Kephart's Combined Motions also makes numerous
requests of the Court.  In the motion, Kephart makes the
following requests:[3]

> A.  A revision of the existing Order to Defendant
>     Robin's Roost, Inc. confirming 10/6/06 as the
>     "drop dead" date for securing counsel,
>     providing a date certain shortly thereafter
>     to finish responsive pleadings, and
>     clarifying that – barring clear and
>     convincing evidence to the contrary – failure
>     to so act will result in the Court providing
>     Plaintiff with leave to proceed with default
>     application and similar requests for relief.
>     . . .
>
> D.  An Order striking the Motions to Dismiss of
>     Defendants Frank Forrest and Cory Kellegher
>     and granting Plaintiff leave to seek Default;
>     in the alternative, an Order placing them on
>     the same footing as the Jordans, their
>     corporation and Barb Jeniker.
>
> E.  An Order for Neutral Evaluation under L.R.
>     16.6, and/or for the appointment of Civil Pro

---

[3] The Court notes that it has already addressed some aspects of
Kephart's requests in the previous section, and those will not again
be addressed here.

>           Bono counsel under L.R. 83.16, for Defendant
>           Kevin Kenney, in recognition of his lack of
>           both financial resources and legal and
>           business sophistication, and in recognition
>           of his status as the sole Defendant in this
>           matter to show the Court and the Rules proven
>           respect via a timely and good faith attempt
>           at a responsive pleading.
>
>      F.   An Order that all Defendants be required to
>           date all pleadings, verify all pleadings, and
>           date all certificates of service.
>
>      G.   An Order temporarily suspending requirement
>           of contact of all parties under L.R. 7.1(j).

All of Kephart's requests will be denied.

First, clarification of the Court's September 18th Order denying Robin's Roost's motion to appear is not necessary.

Second, Kephart's request to strike Defendants Frank Forrest ("Forrest") and Cory Kellegher's ("Kellegher") motions to dismiss is denied.  On September 25, 2006, the Court denied Forrest and Kellegher's motions to dismiss for failure to file a supporting brief.  See *Court's Doc. Nos. 25 & 26*.  Accordingly, Kephart's request is moot.

Third, Kephart's request for Early Neutral Evaluation is denied for failure to comply with the local rules.  Local Rule 16.6(A)(4)(f) states that neutral evaluation "applies to all civil cases . . . except . . . any case in which one or more parties appear pro se[.]"  Also, Kephart's motion for neutral evaluation failed to conform with the provisions of L.R. 16.6(B)(5).  Kephart's request that the Court appoint civil pro

-7-

bono counsel for Defendant Kevin Kenny ("Kenny") will also be denied.  Kenny, not Kephart, must move the Court for appointment of counsel.  See *L.R. 83.16(c)*.

Fourth, Kephart's request that the Court order all Defendants to date and verify all pleadings, and date all certificates of service, is denied.  Rule 11 of the Federal Rules of Civil Procedure provides in pertinent part that:

> (a) **Signature.**  Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or if the party is not represented by an attorney, shall be signed by the party.  Each paper shall state the signer's address and telephone number, if any.  Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit.  An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

The Court notes that Jeniker and the Jordan's did not date their motions to dismiss, nor their motions for extension of time.  Although Rule 11 does not specifically require parties to date their documents and certificates of service, the Local Rules do contemplate that certificates of service will be dated.  See *L.R. 5.2 & Form I*.  Thus, the Court advises Defendants that when signing any document to be presented to the Court, they shall also date the document and their certificate of service.

Finally, with regard to temporarily suspending L.R. 7.1(j), this request will be denied.  As the Court previously stated,

adherence to this local rule is important because it allows the Court, and often the parties, to handle matters more expeditiously.  Accommodation of requests, when possible, is expected.

Although it has been alleged that the relationship between the parties is not civil, the Court expects all parties to conduct themselves civilly in all oral and written presentations to the Court and further expects the parties to comply with the local rules.  See *L.R. 83.15(a)*.  The Federal Rules of Civil Procedure provide that a party can be sanctioned for improper conduct, including harassment and causing unnecessary delay.  See Fed. R. Civ. P. 11(b), (c).

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

(1) Kephart's Motion to Strike (*Court's Doc. No. 20*) is **DENIED** as moot.

(2) Morin's Motion for Extension of Time to File Supporting Brief (*Court's Doc. No. 27*) is **DENIED** as moot.

(3) Jeniker's Motion for Extension of Time to File Supporting Brief (*Court's Doc. No. 24*) is **GRANTED**.  On or before **October 30, 2006**, Jeniker shall file her brief in support of her motion to dismiss.

(4) David Jordan's Motion for Extension of Time to File Supporting Brief (*Court's Doc. Nos. 29*) is **GRANTED**.  On or before

-9-

**October 30, 2006,** Jordan shall file his brief in support of his motion to dismiss.

(5) Robin Jordan's Motion for Extension of Time to File Supporting Brief (*Court's Doc. Nos. 31*) is **GRANTED.**  On or before **October 30, 2006,** Jordan shall file her brief in support of her motion to dismiss.

(6) Kephart's Combined Motion (*Court's Doc. No. 33*) is **DENIED.**

DONE and DATED this 3rd day of October, 2006.


_/S/_ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge